NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

INTERNATIONAL HOD CARRIERS', BUILDING AND COMMON LABORERS' UNION OF AMERICA, LOCAL NO. 83, AFL–CIO, and Thurman Hughes, Its Business Agent, Respondents.

No. 14133.

United States Court of Appeals
Sixth Circuit.

May 9, 1961.

Rosanna A. Blake, National Labor Relations Board, Washington, D. C., Stuart Rothman, General Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elizabeth W. Weston, Attorney, National Labor Relations Board, Washington, D. C., on brief, for petitioner.

Smoot & Riemer, Mortimer Riemer, Cleveland, Ohio, on brief, for respondent.

Before MILLER, Chief Judge, and McALLISTER and WEICK, Circuit Judges.

PER CURIAM.

Our decision in this case was deferred to await the outcome of cases pending in the Supreme Court[1] which have now been decided.

We think that the findings of the Board that the Union's maintenance of

1. Local 60, United Brotherhood of Carpenters & Joiners of America, AFL–CIO et al. v. National Labor Relations Board, 81 S.Ct. 875; National Labor Relations

the agreements with Portsmouth Contractors Association and the employer, Consolidated Construction Company, and the practice under them constituted a violation of Section 8(b) (2) and (1) (A) of the National Labor Relations Act, as amended (29 U.S.C.A. § 151 et seq.) and resulted in denying a job to Walter Pennington, are supported by substantial evidence.

The remedy was fashioned by the Board after Mountain Pacific Chapter of the Associated General Contractors, 119 N.L.R.B. 883, and included the minimum safeguards therein stipulated as well as an order against the Union to reimburse the employees of Consolidated Construction Company for all monies illegally exacted from them.

The Supreme Court held that the Act did not authorize the Board to so fashion the remedy or order the reimbursement by the Union of the dues and fees paid to it by the employees.

■ In our opinion, however, the order to make Walter Pennington whole for any loss in pay was within the province of the Board and was justified under the evidence in the record.

■ Applying the decisions of the Supreme Court, Paragraph I.(a) 1. of the Order of the Board must be limited to discrimination against any employee or applicant for employment in violation of Section 8(a) (3) of the Act by any agreement, act or practice that encourages union membership including any that conditions the hiring of applicants for employment or the retention of employees in their jobs on union membership or requires employers to grant preference to members of the union in respect to hire or tenure.

Paragraph I.(a) 2. of the Order reading as follows is deleted:

"2. Entering into, performing, maintaining, or otherwise giving effect to any agreement, or arrange-

Board v. News Syndicate Company, 81 S.Ct. 849; International Typographical Union, AFL–CIO et al. v. National Labor Relations Board, 81 S.Ct. 855.

ment with the Portsmouth Contractors Association, its successor, Southern Ohio Contractors Association, the Consolidated Construction Company, or any other employer over whom the Board would assert jurisdiction which provides for an exclusive hiring hall but does not explicitly provide for the minimum safeguards stated in Mountain Pacific Chapter of the Associated General Contractors, 119 N.L.R.B. 883."

Paragraph II.(b) of the Order reading as follows is deleted:

"(b) Reimburse the employees of Consolidated Construction Company for monies illegally exacted from them in the manner and to the extent set forth in the section of this Decision and Order entitled 'The Remedy.'"

The notice shall be changed accordingly.

Enforcement of the Board's Order, as modified herein, is granted.

NATIONAL LABOR RELATIONS BOARD, Petitioner,